**VAIL v. BESSE et al.**
No. 2737.

Court of Civil Appeals of Texas. Eastland.
July 25, 1949.

Rehearing Denied Sept. 9, 1949.

James L. Lattimore, Corpus Christi, for appellant.

King & Nesbitt, Corpus Christi, for appellee.

LONG, Justice.

This is a suit in trespass to try title brought by appellant E. C. Vail against appellees, Eva Eugenie Besse and husband, to recover title and possession of Lot 3, Block 6 of Beach Portion Addition to the City of Corpus Christi, Texas. Appellees answered by general denial, plea of not guilty and filed a cross action against appellant in trespass to try title to recover title, possession and damages. Upon a trial before the court without the aid of a jury, judgment was entered that appellant take nothing and that the appellees recover the title and possession of the land in controversy. From this judgment Vail has appealed.

Appellees moved the court to amend the judgment by awarding appellees damages in the sum of $714, which motion was overruled. Appellees excepted and here complain of such action of the court.

The trial court filed findings of fact and conclusions of law. Briefly stated, the court found that the land in controversy and Lots 1 and 2 of the same block and addition, were the separate property of Lloyd Gilbert Spencer who died on July 15, 1938, leaving a widow, Mary C. Spencer and a daughter by a previous marriage, Eva Eugenie Besse, as his only heirs at law. Appellant, E. C. Vail, was the son of Mary C. Spencer by a former marriage. Mary C. Spencer remained unmarried and died on March 5, 1948.

Lloyd Gilbert Spencer died intestate. At the time of his death he owned no real estate other than the three lots above described, there being no realty belonging to the community estate of himself and his wife. The three lots are contiguous and adjacent and each is of the same size and shape. Each lot had situated thereon a dwelling house on the front and at the time of the death of Lloyd Gilbert Spencer there was situated on Lot No. 1 a small rent house in the rear of the front dwelling house. At said time there was situated on Lot 3 an old garage building in the rear of the main dwelling house. Spencer and his wife were living in the house on Lot 1 at the time of his death and had been living there for a number of years prior thereto. The other dwelling houses were rented out at such time and had been so rented for a number of years. Shortly before the death of Lloyd Gilbert Spencer, appellant, E. C. Vail, moved on the premises to live with his mother and Lloyd Gilbert Spencer, his step-father. At said time, Vail began collecting the rents from the rental units situated on said lots and, in general, looking after all said properties, turning the rents collected over to Lloyd Gilbert Spencer. After the death of Lloyd Gilbert Spencer, his widow and her son, E. C. Vail, continued to live in the main house on Lot 1 until the death of Mary C. Spencer. Shortly after her death, Vail moved from Lot 1 into the main house located on Lot 3 where he was living at the time of the trial of this case. After the death of Lloyd Gilbert Spencer, appellant continued to collect the rents from the rental units located on the property and, in general, look after all such properties, turning the rents collected by him over to his mother. On March 7, 1939, Mary C. Spencer executed and delivered to appellant a warranty deed purporting to convey the entire fee simple title to Lot 3 (the lot in controversy). Said warranty deed was duly registered and filed for record in the deed records of Nueces County on March 1, 1941. After said deed was recorded appellant, who was then collecting the rents from all three lots, continued to collect such rents from all the lots and to look after all such properties. The rents he collected from the various tenants who occupied the main structure or dwelling house in the front of Lot 3 were collected by him as his own and after March 1, 1940, appellant managed, controlled, repaired and rented out to various tenants the dwelling house situated in front of Lot 3 as his own property. However, appellant turned all rents so collected by him from the house in front of Lot 3 over to his mother, by reason of an alleged agreement between

himself and his mother whereby said rents from said dwelling house were to be considered as payment of board for himself and his two minor daughters. This arrangement for collecting the rents from Lots 1 and 2 for his mother and collecting the rents from the front house on Lot 3 as his own but paying them to his mother as payment for board continued down to the death of Mary C. Spencer.

After recording the deed to Lot 3 given to him by his mother, appellant took immediate possession of Lot 3 through tenants, claiming the same under said deed. In the year 1941 appellant erected a three room dwelling house in the rear of the house situated on the front of Lot 3 and rented the same to various tenants collecting the rents therefrom as his own. Appellant made repairs to the buildings located on Lot 3 as well as to the improvements located on Lots 1 and 2. Appellant paid the taxes on Lot No. 3 as the same became due and before they became delinquent during the years 1940, 1941, 1942, 1943, 1944, 1945, 1946 and 1947.

Appellee, Eva Eugenie Besse, is and was a resident of Chicago, Cook County, Illinois, and never at any time received or had actual knowledge that E. C. Vail claimed any part of Lot 3 as his own property or that Mary C. Spencer had ever deeded Lot 3 to Vail. Subsequent to the death of Lloyd Gilbert Spencer, Mary C. Spencer agreed to pay appellee the sum of $40 per month for the use of Mrs. Besse's interest in Lots 1, 2 and 3.

Based upon the above findings, the trial court concluded as a matter of law, that the lot in controversy, Lot No. 3, constituted no part of the homestead of Mary C. Spencer but such right was confined to Lot 1; that appellee, Mrs. Besse, being the sole surviving heir at law of Lloyd Gilbert Spencer was entitled to recover title and possession of Lot 3, unless she was defeated by the five years statute of limitation; that appellant E. C. Vail continued in peaceful, adverse possession of said Lot 3 through various tenants, doing everything necessary to perfect title by limitation from March 1,

1940, paying taxes on the same when due and before they became delinquent, down to the time of the institution of this suit in 1948; that under the provision of Article 2571, R.C.S.1925, Mary C. Spencer, as a surviving wife of Lloyd Gilbert Spencer, deceased, held and owned a life estate of an undivided one-third interest in and to all separate real estate owned by Lloyd Gilbert Spencer at the time of his death with remainder over to Eva Eugenie Besse; that Mary C. Spencer had a right to sell said life estate and when she conveyed Lot 3 to E. C. Vail, her deed carried with it only her interest therein. Further, that the fact that Lot 3 constituted exactly one-third of the separate realty owned by Lloyd Gilbert Spencer at the time of his death constituted an election on her part as to which one-third of the separate realty of Lloyd Gilbert Spencer she desired to subject her life estate interest and that no objection is shown to have been made by Mrs. Besse to such an election; that such action in deeding Lot 3 to appellant worked a partition as to the interest of Mary C. Spencer in the separate realty of Lloyd Gilbert Spencer.

The court further concluded as a matter of law that the deed from Mary C. Spencer to E. C. Vail conveying Lot 3, conveyed to E. C. Vail an estate for the life of the grantor, Mary C. Spencer, with remainder to Eva Eugenie Besse, and that E. C. Vail owned during the lifetime of Mary C. Spencer only a life estate in said lot and, therefore, he had the exclusive right to possession of Lot 3 and that Mrs. Besse was not entitled to the possession of said lot during the lifetime of Mrs. Spencer and that consequently, the possession of appellant could not and did not become adverse to the estate in remainder owned by Mrs. Besse until the death of the life tenant, Mrs. Spencer, and that appellee had no cause of action in this respect within the meaning of the statute of limitation until the death of Mrs. Spencer. The court also conclud-

ed that by virtue of the agreement whereby Mary C. Spencer promised to pay Mrs. Besse the sum of $40 per month rent that a landlord-tenant relationship existed between them.

It will be observed from the above findings that the court based his judgment in favor of the appellee upon the theory that when Mrs. Spencer deeded Lot 3 to her son, the appellant here, that a partition of the property was made between Mrs. Spencer and appellee, Mrs. Besse. We cannot agree with this conclusion. It is our opinion that the record does not disclose such a partition. In the first place, the trial court found, supported by ample evidence, that Mrs. Besse never knew of the deed from Mrs. Spencer to appellant until after the death of Mrs. Spencer. Mrs. Besse was not a party in any way to any agreement with Mrs. Spencer whereby a partition of the property was made. As we understand the law, there can be no partition between co-tenants until all the tenants have assented thereto. 11 Tex.Jur. page 468.

In the second place, it is conclusively established that Mrs. Spencer did not consider the deed to her son as a partition of the estate for the reason that she continued to occupy Lot 1 as her homestead until the time of her death and to collect the rent from Lot No. 2. It is contended by appellee that Mrs. Besse acquiesced in the partition in that she took possession of Lot 1 and 2 after the death of Mrs. Spencer and sold them to other parties. We cannot agree with this contention. It is true she did take possession of Lots 1 and 2 but she could not take possession of Lot 3 for the reason that it was in the possession of appellant under a deed from his mother.

The judgment of the trial court is reversed and the cause is remanded for a new trial.